*Execution Copy*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA; the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, and WASHINGTON; the Commonwealths of MASSACHUSETTS and VIRGINIA; and the DISTRICT OF COLUMBIA; | Civil No.: 2:19-cv-04239 <br><br> **ELECTRONICALLY FILED** |
| *ex rel.* Valisure LLC, | |
| Plaintiffs, | |
| v. | |
| GLAXOSMITHKLINE, PLC, AND GLAXOSMITHKLINE, LLC, | |
| Defendants. | |

## STIPULATION AND ORDER OF SETTLEMENT

WHEREAS, this Stipulation and Order of Settlement (the "Stipulation and Order of Settlement") is entered into by and among the qui tam relator Valisure LLC ("Relator") and GlaxoSmithKline, LLC ("GSK"), through their respective authorized representatives;

WHEREAS, on September 13, 2019, Relator filed a complaint in the above-captioned action (the "Action") in the United States District Court for the Eastern District of Pennsylvania (the "Court") under the qui tam provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 et seq. (the "FCA"), followed by an amended complaint on May 20, 2024 (Doc. No. 55, "First Amended Complaint"), alleging, inter alia, that GSK violated the FCA, as well as state law

analogues in California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Washington, and the District of Columbia (the "States");

WHEREAS, on March 11, 2024, the United States filed a notice of election of non-intervention at this time in the Action;

WHEREAS, the States also declined to intervene in the Action;

WHEREAS, Relator alleges that GSK submitted, or caused the submission of, false claims for Zantac and generic ranitidine to the federal health care programs and to direct federal government purchasers, as set forth in the First Amended Complaint in the Action. The allegations described in the First Amended Complaint are the "Covered Conduct" for purposes of this Stipulation and Order of Settlement;

WHEREAS, GSK denies all of Relator's allegations and contends that it acted appropriately and in conformity with all applicable federal and state laws at all relevant times;

WHEREAS, to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the claims against GSK set forth in the Action, the Relator and GSK (collectively, "Settling Parties") have, through this Stipulation and Order of Settlement, reached a full and final mutually agreeable resolution addressing the claims against GSK in the Action;

WHEREAS, pursuant to 31 U.S.C. § 3730(b)(1) and the Court's March 13, 2024 Order (Doc. No. 47), the United States has informed the Settling Parties in writing that, within three (3) business days of GSK's timely payment of the full Settlement Amount pursuant to Paragraph 3(a) below, the United States will file a consent to the dismissal of the Action with prejudice, including as to the United States, in the form attached hereto as Exhibit A;

WHEREAS, the States (pursuant to state analogs of 31 U.S.C. § 3730(b)(1) or otherwise) also have informed the Settling Parties in writing that, within three (3) business days of GSK's timely payment of the full Settlement Amount pursuant to Paragraph 3(b) below, the States will file a consent to the dismissal of the Action with prejudice, including as to the States, in the form attached hereto as Exhibit A;

WHEREAS, the Relator's claim to a share of the proceeds from the settlement of claims arising from the Action will be the subject of separate agreements between Relator and the United States, and between Relator and the States, or will need to be addressed by Court order;

NOW, THEREFORE, upon the Settling Parties' agreement, it is hereby ORDERED that:

1.      The Settling Parties agree that this Court has subject matter jurisdiction over the Action and consent to this Court's exercise of personal jurisdiction over each of them.

2.      The Settling Parties agree that this Stipulation and Order of Settlement is not an admission of liability or of any fact by GSK or any of its current and former direct and indirect parent companies, corporations, limited liability companies, and public limited companies (the "Parents"); its and their affiliates, direct and indirect subsidiaries, other legal entities directly or indirectly controlled by any of the Parents, brother and sister corporations, and divisions; its and their respective current and former corporate owners, officers, directors, employees, attorneys, and other agents, individually or collectively; and the predecessors, successors, transferees, and assigns of any of them.  GSK is entering into this Agreement without trial or adjudication of any issue of fact.  No part of this Stipulation and Order of Settlement shall constitute evidence against, or admission by, GSK or any of its Parents; its and their affiliates, direct and indirect subsidiaries, other legal entities directly or indirectly controlled by any of the Parents, brother and sister corporations, and divisions; its and their respective current and former corporate owners, officers,

directors, employees, attorneys, and other agents, individually or collectively; and the predecessors, successors, transferees, and assigns of any of them, with respect to any issue of law or fact.

3.    GSK shall pay to the United States and the States, collectively, a total of $67,500,000 (the "Settlement Amount") within twenty (20) business days of the Effective Date (defined below in Paragraph 17), of which $45,000,000 constitutes restitution within the meaning of 26 U.S.C. § 162(f)(2)(A)(i)(I) ("Restitution") to the United States and the States.    The Settlement Amount shall be paid as follows:

      a.    GSK shall pay to the United States $61,931,540.87 of which $41,287,693.90 is Restitution, by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice.

      b.    GSK shall pay to the States a total of  $5,568,459.13, of which $3,712,306.10 is Restitution, by electronic funds transfer to the New York State Attorney General's National Global Settlement Account pursuant to written instructions from the state negotiating team (the "State Team"), which written instructions shall be delivered to counsel for GSK.

      c.    GSK will not make any payment to Relator from the Settlement Amount. The Relator's share will be addressed either through separate agreements with the United States and the States regarding its share of the Settlement Amount, or through a Court order.

4.    Conditioned on GSK's timely payment of the full Settlement Amount pursuant to Paragraph 3 above and Relator and its attorneys' claims for expenses, fees and costs, which are the

subject of a separate agreement, Relator, for itself and for its heirs, beneficiaries, successors, attorneys, legal representatives, agents, and assigns, fully, finally, completely, and forever releases, acquits, waives, and discharges GSK, together with any of its Parents; its and their affiliates, direct and indirect subsidiaries, other legal entities directly or indirectly controlled by any of the Parents, brother and sister corporations, and divisions; its and their respective current and former corporate owners, officers, directors, employees, attorneys, and other agents, individually or collectively; and the predecessors, successors, transferees, and assigns of any of them (collectively, the "GSK Released Parties"), from any civil monetary claim the Relator has on behalf of the United States or the States for the Covered Conduct and the Civil Action under the False Claims Act, 31 U.S.C. §§ 3729-3733 and the other State statutes identified in the Civil Action, and from any and all claims for relief, actions, rights, causes of action, claims, suits, demands, interests, rights, damages (including treble damages and any civil penalties), punitive damages, losses, costs, expenses, fees (including attorneys' fees, expenses, and costs actually incurred), accounts, judgments, executions, debts, liabilities, obligations, promises, agreements, controversies, and any and all other liabilities of any kind, character, or nature whatsoever, whether known or unknown, fixed or contingent, suspected or unsuspected, in law or in equity, in contract or in tort, under any federal or state statute or regulation, or in common law, that Relator otherwise would have standing to bring or ever had or now has against the GSK Released Parties arising from or related to the Covered Conduct or the claims asserted against GSK in the Civil Action and Relator's investigation and prosecution thereof, or under 31 U.S.C. § 3730(d) for expenses or attorney's fees and costs, and from all other possible causes of action, known or unknown. Relator acknowledges that it may discover facts or law different from, or in addition to, the facts or law that it knows or believes to be true with respect to the claims released in this Agreement and agrees nonetheless that this Agreement and the release

contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery of them. Relator expressly acknowledges and agrees that it has the right not to waive claims that are unknown at the time that this Agreement is executed but, nevertheless, Relator waives such claims and its rights under Section 1542 of the California Civil Code and any comparable provisions of other states' and federal law concerning release of unknown claims are expressly waived by Relator. Section 1542 provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

This paragraph (Paragraph 4) is to be interpreted as a general release by Relator of the GSK Released Parties.

5.      In consideration of the execution of this Stipulation and Order of Settlement by Relator and Relator's release as set forth in Paragraph 4 above, GSK releases Relator, and its heirs, attorneys, agents, successors, and assigns, from any and all manner of claims, proceedings, liens, and causes of action of any kind or description that GSK has against Relator related to or arising from the Action or the Covered Conduct.

6.      In consideration of GSK's agreement to pay the Settlement Amount, the United States (pursuant to 31 U.S.C. § 3730(b)(1)), and the States (pursuant to state analogs of 31 U.S.C. § 3730(b)(1) or otherwise), have separately indicated in writing that, within three (3) business days of GSK's timely payment of the full Settlement Amount pursuant to Paragraph 3 above, the United States and States will file a consent to the dismissal of the Action, in the form attached hereto as Exhibit A, which will consent to the dismissal of the Action with prejudice for the United States

and all the States except the District of Columbia, Hawaii, and New Mexico, who will consent to dismissal without prejudice.

7.     Within three (3) business days of the United States and States filing the consent in the form attached hereto as Exhibit A as described in Paragraph 6 above, Relator and GSK shall sign and file in the Action a joint stipulation of dismissal of the Action with prejudice as to the Relator, the United States, and all States except the District of Columbia, Hawaii, and New Mexico, whose dismissal will be without prejudice, in the form attached hereto as Exhibit B.

8.     This Stipulation and Order of Settlement is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Stipulation and Order of Settlement is the United States District Court for the Eastern District of Pennsylvania.  The Court will retain jurisdiction over the enforcement and interpretation of this Stipulation and Order of Settlement and to resolve all disputes arising hereunder.  The Court will further retain jurisdiction over Relator's claims under 31 U.S.C. § 3730(d) for (i) a share of the proceeds of this Stipulation and Order of Settlement and (ii) reasonable expenses, attorneys' fees and costs.

9.     For purposes of construing this Stipulation and Order of Settlement, it shall be deemed to have been drafted by the Settling Parties, and shall not, therefore, be construed against any Settling Party for that reason in any subsequent dispute.

10.     This Stipulation and Order of Settlement constitutes the entire agreement between the Settling Parties with respect to the subject matter thereof; provided, however, the Relator's claim to a share of the proceeds from the settlement of claims arising from the Action will be the subject of separate agreements between Relator and the United States, and between Relator and the States, or will need to be addressed by Court order.  This Stipulation and Order of Settlement

may not be amended except by written consent of the Settling Parties.  No prior agreements, oral representations or statements shall be considered part of this Stipulation and Order of Settlement.

11.     The undersigned counsel and other signatories represent and warrant that they are fully authorized to enter into this Stipulation and Order of Settlement on behalf of the persons and the entities indicated below.

12.     This Stipulation and Order of Settlement is binding on GSK's successor entities.

13.     This Stipulation and Order of Settlement is binding on Relator's successors, transferees, heirs, and assigns.

14.     This Stipulation and Order of Settlement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation and Order of Settlement.  E-mails that attach signatures in PDF form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation and Order of Settlement.

15.     GSK agrees that it shall not seek payment of any of the health care billings covered by this Stipulation and Order of Settlement from any federal health care beneficiaries or their parents, sponsors, legally responsible individuals, or third-party payors based on the claims defined as the Covered Conduct.

16.     Any notice pursuant to this Stipulation and Order of Settlement shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand, express courier, or e-mail transmission followed by postage-prepaid mail, and shall be addressed as follows:

TO THE RELATOR:

> R. Brent Wisner, Esq. (PA ID No. 335346)
> Rbwisner@WisnerBaum.com
> Wisner Baum, LLP
> 11111 Santa Monica Blvd., Suite 1750
> Los Angeles, CA 90025

TO GSK:

       Matthew J. O'Connor
       moconnor@cov.com
       Covington & Burling LLP
       One City Center, 850 Tenth St NW
       Washington, DC 20001

       17.    The effective date of this Stipulation and Order of Settlement is the date when it has been executed by both Settling Parties (the "Effective Date"). Electronic transmissions of signatures shall constitute acceptable, binding signatures.

**For Relator**  Dated:

April 3, 2025

BY: _____

R. Brent Wisner
WISNER BAUM, LLP
11111 Santa Monica Blvd., Ste. 1750
Los Angeles, CA 90025
Telephone: (310) 207-3233
rbwisner@baumhedlundlaw.com

Jennifer A. Moore
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY 40208
Telephone: (502) 717-4080
jennifer@moorelawgroup.com


**For GlaxoSmithKline, LLC**

Dated: _____

BY: _____

Matthew J. O'Connor
Matthew F. Dunn
Krysten Rosen Moller
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth St NW
Washington, DC 20001
Phone:  (202) 662-5469
Email: moconnor@cov.com

Mark S. Cheffo
Friedrich Wilhelm W. Sachse
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Phone:  212-698-3814
mark.cheffo@dechert.com


**Relator**

Dated:  April 3, 2025

By: _____

David Light
Valisure LLC


Relator


**GlaxoSmithKline, LLC**

Dated: _____

By: _____
[Name]


GlaxoSmithKline, LLC

**For Relator**

Dated: _____

BY: _____
R. Brent Wisner
WISNER BAUM, LLP
11111 Santa Monica Blvd., Ste. 1750
Los Angeles, CA 90025
Telephone: (310) 207-3233
rbwisner@baumhedlundlaw.com

Jennifer A. Moore
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY 40208
Telephone: (502) 717-4080
jennifer@moorelawgroup.com

**For GlaxoSmithKline, LLC**

Dated: _4/3/25_

BY: _____
Matthew J. O'Connor
Matthew F. Dunn
Krysten Rosen Moller
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth St NW
Washington, DC 20001
Phone:  (202) 662-5469
Email: moconnor@cov.com

Mark S. Cheffo
Friedrich Wilhelm W. Sachse
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Phone:  212-698-3814
mark.cheffo@dechert.com

**Relator**

Dated: _____

By: _____
[Insert Name]
Valisure LLC
Relator

**GlaxoSmithKline, LLC**

Dated: _4/3/25_

By: _____
Brennan Torregrossa
Senior Vice President, GSK Global Litigation
GlaxoSmithKline, LLC

SO ORDERED ON THIS _____ DAY OF _____, 2025

_____
HONORABLE JOHN R. PADOVA
UNITED STATES DISTRICT COURT JUDGE

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA; the States
of CALIFORNIA, COLORADO,
CONNECTICUT, DELAWARE, FLORIDA,
GEORGIA, HAWAII, ILLINOIS, INDIANA,
IOWA, LOUISIANA, MICHIGAN,
MINNESOTA, MONTANA, NEVADA,
NEW HAMPSHIRE, NEW JERSEY, NEW
MEXICO, NEW YORK, NORTH
CAROLINA, OKLAHOMA, RHODE
ISLAND, TENNESSEE, TEXAS, and
WASHINGTON; the Commonwealths of
MASSACHUSETTS and VIRGINIA; and the
DISTRICT OF COLUMBIA;

*ex rel.* Valisure LLC,

     Plaintiffs,

       v.

GLAXOSMITHKLINE, PLC, AND
GLAXOSMITHKLINE, LLC,

     Defendants.

Civil No.: 2:19-cv-04239

**ELECTRONICALLY FILED**

## CONSENT TO DISMISSAL WITH PREJUDICE

Pursuant to 31 U.S.C. § 3730(b)(1) and the Court's March 13, 2024 Order (Doc. No. 47),

and in consideration of Defendant GlaxoSmithKline, LLC's ("GSK") payment of the Settlement

Amount required by the Stipulation and Order of Settlement between Relator Valisure LLC and

Defendant GSK filed on [DATE] (Doc. No.  ), the United States hereby informs the Court of its

consent to (a) the dismissal of this action with prejudice as to the United States, as to federal claims

for prescriptions of branded Zantac and generic ranitidine that were paid for by Medicare,

Medicaid, Tricare, and the Veteran's Administration between September 1, 2009 and September

30, 2019; (b) the dismissal of this action without prejudice as to the United States, for all other claims for the Covered Conduct on behalf of the United States; and (c) to the entry by the Court of the Order for Dismissal with Prejudice in the form attached as Exhibit B to the Stipulation and Order of Settlement.

The States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Louisiana, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, and Washington (the "States"), pursuant to state analogs of 31 U.S.C. § 3730(b)(1) or otherwise, and in consideration of GSK's payment of the Settlement Amount required by the Stipulation and Order of Settlement between Relator Valisure LLC and Defendant GSK filed on [DATE] (Doc. No. _____), also hereby inform the Court of their consent to (a) the dismissal of this action with prejudice, including as to the States, and including all claims for the Covered Conduct on behalf of the States; and (b) the entry by the Court of the Order for Dismissal with Prejudice in the form attached as Exhibit B to the Stipulation and Order of Settlement.

The States of Hawaii and New Mexico, and the District of Columbia, pursuant to state analogs of 31 U.S.C. § 3730(b)(1) or otherwise, also hereby inform the Court of their consent to (a) the dismissal of this action without prejudice, including all claims for the Covered Conduct; and (b) the entry by the Court of the Order for Dismissal without Prejudice in the form attached as Exhibit B to the Stipulation and Order of Settlement.

Dated: [●]

Respectfully submitted,


By      */s/ [DRAFT]*                    By      */s/ [DRAFT]*
[●]                                      [●]
*Counsel for The United States of America*   *Counsel for The State of [●] and on behalf of*
                                         *and at the request of the States of [●]*

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA; the States
of CALIFORNIA, COLORADO,
CONNECTICUT, DELAWARE, FLORIDA,
GEORGIA, HAWAII, ILLINOIS, INDIANA,
IOWA, LOUISIANA, MICHIGAN,
MINNESOTA, MONTANA, NEVADA,
NEW HAMPSHIRE, NEW JERSEY, NEW
MEXICO, NEW YORK, NORTH
CAROLINA, OKLAHOMA, RHODE
ISLAND, TENNESSEE, TEXAS, and
WASHINGTON; the Commonwealths of
MASSACHUSETTS and VIRGINIA; and the
DISTRICT OF COLUMBIA;

*ex rel*. Valisure LLC,

      Plaintiffs,

          v.

GLAXOSMITHKLINE, PLC, AND
GLAXOSMITHKLINE, LLC,

      Defendants.

Civil No.: 2:19-cv-04239

**ELECTRONICALLY FILED**

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and 31 U.S.C. §

3730(b)(1), and in accordance with the previously filed Stipulation and Order of Settlement (Doc.

No. [●]) and Consent to Dismissal with Prejudice (Doc. No. [●]), Relator Valisure LLC ("Relator")

and Defendant GlaxoSmithKline, LLC, hereby stipulate, through their undersigned counsel, to the

entry of the attached Proposed Order dismissing this action, including as to:

- Relator, with prejudice

- the United States, with prejudice as to federal claims for prescriptions of branded

  Zantac and generic ranitidine that were paid for by Medicare, Medicaid, Tricare,

and the Veteran's Administration between September 1, 2009 and September 30,

2019, and without prejudice for all other claims for the Covered Conduct on behalf

of the United States

- The states of California, Colorado, Connecticut, Delaware, Florida, Georgia,

  Illinois, Indiana, Iowa, Louisiana, Massachusetts, Michigan, Minnesota, Montana,

  Nevada, New Hampshire, New Jersey, New York, North Carolina, Oklahoma,

  Rhode Island, Tennessee, Texas, Virginia, and Washington, with prejudice; and

- The states of Hawaii and New Mexico, and the District of Columbia, without

  prejudice.

The Court shall retain jurisdiction to adjudicate, if necessary, Relator's claims to a share of

the proceeds of this action pursuant to 31 U.S.C. § 3730(d).

Dated: [●]


Respectfully submitted,
[Signature blocks for Counsel for both parties]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA; the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, and WASHINGTON; the Commonwealths of MASSACHUSETTS and VIRGINIA; and the DISTRICT OF COLUMBIA; | Civil No.: 2:19-cv-04239 **ELECTRONICALLY FILED** |
| *ex rel*. Valisure LLC, | |
| Plaintiffs, | |
| v. | |
| GLAXOSMITHKLINE, PLC, AND GLAXOSMITHKLINE, LLC, | |
| Defendants. | |

## [PROPOSED] ORDER FOR DISMISSAL WITH PREJUDICE

Pursuant to the Stipulation of Dismissal with Prejudice entered by Relator Valisure LLC ("Relator") and Defendant GlaxoSmithKline, LLC, together with the Consent to Dismissal with Prejudice entered by the United States, and the states of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Washington, and the District of Columbia (Doc. No. [●]), and for good cause shown, it is hereby ORDERED as follows:

1.    This action is dismissed in its entirety with prejudice as to Relator;

2.    This action is dismissed with prejudice as to the United States, as to federal claims for prescriptions of branded Zantac and generic ranitidine that were paid for by Medicare, Medicaid, Tricare, and the Veteran's Administration between September 1, 2009 and September 30, 2019, and without prejudice as to the United States for all other claims for the Covered Conduct on behalf of the United States;

3.    This action is dismissed in its entirety with prejudice, as to  the states of California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Louisiana, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, and Washington;

4.    This action is dismissed in its entirety without prejudice, as to the states of Hawaii and New Mexico, and the District of Columbia;

5.    The Court shall retain jurisdiction to adjudicate, if necessary, Relator's claims to a share of the proceeds of this action, pursuant to 31 U.S.C. § 3730(d).

SO ORDERED ON THIS _____ DAY OF _____, 2025

_____
HONORABLE JOHN R. PADOVA
UNITED STATES DISTRICT COURT JUDGE